# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Miguel Baires,<br><br>   Movant/Defendant,<br><br>v.<br><br>United States of America,<br><br>   Respondent/Plaintiff. | No. CV-14-00498-PHX-PGR (BSB)<br>CR-10-01858-PHX-PGR<br><br>**REPORT AND**<br>**RECOMMENDATION** |

On March 10, 2014, Movant/Defendant Jose Miguel Baires (Movant) filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.)[1] The Court denied the motion with leave to amend using the court-approved form. (Doc. 5.) On August 29, 2014, Movant filed an amended § 2255 motion. (Doc. 8.) Respondent filed a motion to dismiss the amended § 2255 motion, arguing that it was untimely under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which provides the statute of limitations for prisoners seeking federal habeas corpus relief.[2] (Doc. 11.) In his response, Movant argues that his motion is timely because he

---

[1] Citations to "Doc." are to the docket in CV-14-498-PGR-PHX (BSB). Citations to "CR Doc." are to the docket in the underlying criminal case, CR-10-1858-PHX-PGR.

[2] In a March 24, 2015 Order, the Court directed Respondent to file an answer to the amended § 2255 motion. (Doc. 10 at 4.) The Court stated that the answer could be limited to affirmative defenses, including the statute of limitations. (*Id.*) The March 24, 2015 Order did not preclude the filing of a motion to dismiss. (*Id.*) Thus, the Court finds that Respondent's motion to dismiss sufficiently complies with the March 24, 2015 Order and will consider that motion.

filed it within one year of discovering that his conviction made him deportable. (Doc. 17.) Movant also filed a motion to amend and file a second amended § 2255 motion to assert a claim for coram nobis relief. (Doc. 27.) For the reasons below, the Court finds the § 2255 motion untimely, and recommends that it be dismissed. The Court also finds that coram nobis relief is not available to Movant and, therefore, recommends that the motion to amend be denied.

### I.     Factual and Procedural Background

#### A.     Charges, Plea, Sentencing

In December 2010, Movant was indicted in the United States District Court, District of Arizona on one count of conspiracy to possess with the intent to distribute marijuana (Count One), and one count of possession with the intent to distribute marijuana (Count Two). (CR Docs. 1, 7.) On June 20, 2011, Movant pleaded guilty to Count Two. (CR Doc. 19.) On September 13, 2011, the Court sentenced Movant to thirty months' imprisonment, followed by three years' supervised relief. (CR Doc. 24.) Petitioner did not file an appeal with the Ninth Circuit Court of Appeals.

#### B.     Removal Proceedings

On February 20, 2013, after Movant completed the custodial portion of his sentence, the Department of Homeland Security (DHS) served him with a Notice to Appear (NTA) for removal proceedings and placed him in detention.[3] (Doc. 31, Exs. 2, 4, 5.) The NTA informed Petitioner that he was subject to removal because of his 2011 conviction for possession with the intent to distribute 100 or more kilograms of marijuana in violation 18 U.S.C. § 841(a)(1) and (b)(1)(B). (Doc. 18, Ex. 1; Doc. 31, Ex. 5.) The NTA further stated that Movant was removable under § 212(a)(2)(C) of the Immigration and Nationality Act (INA) because "an immigration officer knows or has reason to believe [that Movant is] an alien who is or has been an illicit trafficker in any controlled substance or who is or has been a knowing assister, abettor, conspirator, or colluder with

---

[3] In response to the Court's July 8, 2015 Order, on July 24, 2015, the government filed documents related to Movant's immigration and removal proceedings. (Docs. 25, 31.)

1  others in the illicit trafficking in any such controlled substance." (*Id.*) The NTA also
2  stated that Movant was removable under § 212(a)(2)(A)(i)(II) of the INA as an "alien
3  who has been convicted of, or who admits having committed, or who admits committing
4  the acts which constitute the essential elements of (or a conspiracy or attempt to violate)
5  any law or regulation of . . . the United States . . . relating to a controlled substance . . . ."
6  (*Id.*) Movant signed the NTA on February 20, 2013, indicating he had received it. (*Id.*)
7  On April 22, 2013, an immigration judge (IJ) ordered Movant removed to El Salvador.
8  (Doc. 31, Exs. 6, 7.) Movant filed an appeal. On August 29, 2013, the Board of
9  Immigration Appeals dismissed Movant's appeal. (Doc. 31, Ex. 8.)

   **C. The Amended § 2255 Motion**

In his amended § 2255 motion, Movant argues that: (1) trial counsel was ineffective under *Padilla v. Kentucky*, 559 U.S. 356 (2010), for failing to advise Movant of the immigration consequences of pleading guilty (Ground One); (2) trial counsel was ineffective under *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), for failing to advise Movant of the advantages and disadvantages of an appeal and of the consequences of his guilty plea (Ground Two); and (3) his guilty plea was involuntary because Movant did not understand the nature of the rights he was waiving by pleading guilty and because he did not fully understand the crime with which he was charged (Ground Three). (Doc. 8 at 2-3.) Movant's description of his claims includes several different theories to support his allegations of ineffective assistance of counsel. However, his amended § 2255 motion focuses on whether his guilty plea was knowing and voluntary because he was not advised of the potential immigration consequences of his guilty plea. (Doc. 8.)

**II. Movant Satisfies Section 2255's Custody Requirement**

Section 2255(a) provides that "[a] prisoner in custody under sentence of a court established by Act of Congress" may file a motion claiming a right to be released. The parties agree that Movant is subject to a term of supervised release. (Doc. 11 at 3 n.4; Doc. 17 at 2.) The Ninth Circuit has held that a federal defendant who is "subject to supervised release . . . is in 'custody' . . . [and] may seek relief pursuant to 28 U.S.C.

§ 2255." *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002) (citing *Jones v. Cunningham*, 371 U.S. 236, 242-43, (1963)).  Because Movant is subject to a term of supervised release, he satisfies the custody requirement of § 2255.  *See United States v. Ndiagu*, 591 Fed. App'x 632, 633 (9th Cir. 2015) (concluding that a petitioner who was sentenced to prison followed by two years' supervised release, and who was no longer in federal prison when he filed his § 2255 motion, but had been transferred to the Department of Homeland Security and had been charged as deportable, satisfied the "in custody" requirement because he was still subject to a term of supervised release).

### III.     Statute of Limitations

The parties dispute whether the amended § 2255 motion is timely.[4]  The AEDPA provides a one-year statute of limitations for filing a motion pursuant to 28 U.S.C. § 2255.  Section 2255(f) provides that the one-year limitations period runs from the latest of the dates determined by applying §§ 2255(f)(1) through (f)(4).  These dates include "the date on which the judgment of conviction becomes final," "the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action," "the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review," or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(f)(1)-(4).  Respondent argues that § 2255(f)(1) applies (Doc. 11), and Movant argues that § 2255(f)(4) applies. (Doc. 17 at 3, 5.)  The Court considers these arguments below and finds the amended § 2255 motion untimely under both §§ 2255(f)(1) and (f)(4).

---

[4] The parties do not address how that statute of limitations applies to the individual claims raised in the amended § 2255 motion.  The Court considers the claims in the amended § 2255 motion collectively because, although Movant raises several different challenges to his conviction and sentence, the basis of his claims is that he was not advised of the potential immigration consequences of his guilty plea and, therefore, trial counsel was ineffective and his guilty plea was not knowing and voluntary.

**A.     Application of § 2255(f)(1)**

Respondent argues that § 2255(f)(1) applies, and that the statute of limitations commenced when Movant's conviction became final. (Doc. 11.) Under § 2255(f)(1), the one-year limitations period runs from the "the date on which the judgment of conviction becomes final." 28 U.S.C. §2255(f)(1). However, § 2255 does not define "final." The Supreme Court has held that a conviction is final in the context of habeas review when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

Relying on that definition of finality, the Ninth Circuit has "adopted, for § 2255 purposes, the definition of finality set forth in 28 U.S.C. § 2244(d)(1) which is applicable to state prisoners seeking federal habeas relief." *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (citing *United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir. 2000)). Thus, when a defendant does not appeal, the conviction becomes final upon the expiration of time for doing so, or fourteen days after judgment is entered. *See Schwartz*, 274 F.3d at 1224 n.1; *Garcia*, 210 F.3d at 1060-61; *see also* Fed. R. App. P. 4(b)(1)(A) (providing that a notice of appeal must be filed within fourteen days after "the entry of either the judgment or the order being appealed").

Movant was sentenced on September 13, 2011, and he did not appeal. Therefore, Movant's judgment of conviction became final fourteen days later, on September 27, 2011. Under § 2255(f)(1), the statute of limitations expired one-year later, on September 27, 2012. Thus, if §2255(f)(1) applies to determine the limitations period, the amended § 2255 motion is untimely because it was not filed until March 10, 2014.[5] (Doc. 1.)

---

[5] Movant's and Respondent's arguments are based on the filing date of the original § 2255 motion, March 10, 2014. (Doc. 11 at 3 n.3; Doc. 17.) Respondent states that "[a]rguably," the amended motion had to be filed within the one-year limitations period, but does not argue that this action should be considered filed on August 29, 2014, the date on which Movant filed the amended § 2255 motion. (Doc. 11 at 3 n.3.) Accordingly, the Court uses the March 10, 2014 filing date to determine whether the amended motion was timely filed.

### B.     Application of § 2255(f)(4)

Movant argues that § 2255(f)(4) applies and that the limitations period commenced when his final order of removal was issued because that is when he realized the immigration consequences of pleading guilty to an aggravated felony. (Doc. 17 at 3, 5.) Under § 2255(f)(4), the limitations period begins running on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).

Movant alleges that trial counsel was ineffective for failing to advise him about the potential immigration consequences of his guilty plea and, therefore, his plea was involuntary. An attorney's failure to inform his client about adverse immigration consequences could be a "fact" supporting a claim of ineffective assistance of counsel. *See Padilla v. Kentucky*, 559 U.S. 356 (2010). Movant argues that he did not know that trial counsel was ineffective for failing to advise him about the potential immigration consequences of his guilty plea until August 29, 2013, when a final order of removal was issued. (Doc. 17 at 3.) Therefore, he argues that the statute of limitations did not begin running until that date under § 2255(f)(4), and that this § 2255 proceeding is timely because it was commenced on March 10, 2014, less than one year after August 29, 2013. (*Id.*)

Respondent argues that the facts supporting Movant's claims were known to him at the June 10, 2011 change of plea hearing and, therefore, the limitations period began running on that date. (Doc. 11 at 6.) Alternatively, Respondent argues that at the latest, the facts supporting Movant's claims were known to him on February 20, 2013, the date on which DHS served him with a NTA charging him as removable based on his 2011 conviction. (Doc. 18 at 4.) As discussed below, the Court concludes that Movant knew, or could have discovered through the exercise of due diligence, the factual predicate of his claims on February 20, 2013. Accordingly, under § 2255(f)(4), the amended § 2255 motion is untimely because it was filed on March 10, 2014, more than one year after February 20, 2013.

- 6 -

Under § 2255(f)(4), "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Hasan v. Galaza*, 254 F.3d 1150, 1154 (9th Cir. 2001) (discussing § 2244(d)(1)(D)).[6] To obtain the factual predicate for a habeas claim based on ineffective assistance of counsel, "a petitioner must have discovered (or with the exercise of due diligence could have discovered) facts suggesting both unreasonable performance *and* resulting prejudice." *Id.* (applying 28 U.S.C. § 2244(d)(1)(D)).

Thus, the facts supporting Movant's ineffective assistance of counsel claims include that counsel did not advise Movant about the immigration consequences of his guilty plea, and that his guilty plea had immigration consequences. Under § 2255(f)(4), the limitations period commenced when Movant, through the exercise of due diligence, could have discovered the facts supporting his claim that trial counsel was ineffective for failing to advise him of the potential immigration consequences of his guilty plea.

During the change of plea hearing in June 2011, the Court asked whether Movant was a citizen. (CR Doc. 27 at 15.) Movant responded that he had an "18-month permit" that had expired before he was arrested. (*Id.*) The Court did not otherwise address Movant's citizenship or potential immigration consequences of pleading guilty. Thus, it does not appear that any information from the Court during the change of plea hearing triggered Movant's duty of diligence. *See United States v. Rodriguez-Trujillo*, 2013 WL 1314247, at *3-4 (D. Idaho Mar. 28, 2013) (concluding that when the trial court stated during the change of plea hearing that the petitioner could be deported based on his guilty plea, the date of the guilty plea was the date on which the petitioner's duty of diligence arose under § 2255(4)(f)). Additionally, there is no evidence in the record regarding the advice trial counsel gave Movant about the potential immigration consequences of his

---

[6] *Hasan* analyzed due diligence in the context of § 2244(d)(1)(D), the counterpart to § 2255(f)(4) that applies to habeas petitions by state prisoners. Courts have interpreted the statute of limitation provisions of §§ 2244 and 2255 as being consistent. *See Lackawana Cty Dist. Attorney v. Coss*, 532 U.S. 394, 402 (2001) (O'Connor, J.) (plurality opinion).

- 7 -

1  guilty plea. Thus, it does not appear that counsel's advice to Movant triggered his duty of diligence. *See Clarke v. United States*, 703 F.3d 1098 (7th Cir. 2013) (rejecting § 2255(f)(4) argument when counsel mentioned possible immigration consequences before the petitioner pleaded guilty and, therefore, the duty of diligence arose on the date of her guilty plea). Accordingly, the Court rejects Respondent's assertion that all of the facts supporting Movant's claims were known to him at the June 10, 2011 change of plea hearing. (Doc. 11 at 6.)

The record includes evidence that Movant was transferred to DHS custody and was served with a NTA on February 20, 2013. (Doc. 18, Ex. 1; Doc. 31, Exs. 4, 5.) The NTA advised Movant that he was removable based on his 2011 conviction. (Doc. 31, Ex. 5.) Movant signed the NTA indicating that he received it on February 20, 2013. (*Id.*) Thus, Movant's duty of diligence arose on February 20, 2013 because if Movant exercised due diligence, he would have discovered the factual predicate to his claim that trial counsel was ineffective for failing to advise him of the potential immigration consequences of his guilty plea when he was transferred to the custody of DHS and was issued a NTA.[7] *See Ndiagu*, 591 Fed. App'x at 634 (concluding that had the movant exercised due diligence, he would have discovered the factual predicate of his claim of ineffective assistance of counsel when he was transferred to custody of the DHS and charged with removability based on his conviction of a crime of moral turpitude).

The NTA informed Movant that his 2011 District of Arizona conviction for possession with the intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(b) rendered him removable under the INA. (Doc. 31, Ex. 5.) Although Movant may not have "underst[ood] the legal significance" of these facts, he was aware of the facts on February 20, 2013. *See Hasan*, 254 F.3d at 1154 n.3. Accordingly, his amended § 2255 motion, which was filed on March 10, 2014, is untimely under 28 U.S.C. §2255(f)(4) and should be dismissed on that basis.

---

[7] To the extent that Movant claims that his plea was involuntary because the court and the prosecutor also failed to advise him of the immigrations consequences of his guilty plea, his duty of diligence as to those claims also arose on February 20, 2013.

- 8 -

### IV. Motion to Amend

On July 10, 2015, an an apparent attempt to avoid the applicable statute of limitations, Movant filed a motion for leave to amend. (Doc. 27.) Movant's proposed "[second amended] petition" seeks coram nobis relief, instead of relief under § 2255. Respondent opposes the motion. (Doc. 30.) Movant has not filed a reply and the deadline has passed. As discussed below, the Court should deny the motion to amend for two reasons. First, the proposed amendment would be futile because, as discussed in Section II, Movant is "in custody" while serving a term of supervised release and, therefore, coram nobis relief is precluded. Second, coram nobis relief is not available when a movant's § 2255 action is time-barred.

### A. Amendment would be Futile because Movant is in Custody

Although leave to amend should be "freely given," the court should deny leave to amend when amendment would be futile.[8] *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted) ("A district court does not err in denying leave to amend where the amendment would be futile . . . or where the amended complaint would be subject to dismissal.").

The writ of error coram nobis provides "a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody." *Estate of McKinney By and Through McKinney v. United States*, 71 F.3d 779, 781 (9th Cir. 1995). The Supreme Court has held that district courts have the power to issue the writ under the All Writs Act, 28 U.S.C. § 1651(a). *See United States v. Morgan*, 346 U.S. 502, 506-07 (1954). To warrant coram nobis relief, a petitioner must establish that: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character." *Matus-Leva*, 287 F.3d at 760 (citing *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987)).

---

[8] The Federal Rules of Civil Procedure generally apply to § 2255 proceedings. Rule 12 of the Rules Governing Section 2255 Proceedings. Thus, Rule 15 of the Federal Rules of Civil Procedure applies to Movant's motion to amend.

1 A petitioner must satisfy all of these requirements. *See United States v. McClelland*, 941
2 F.2d 999, 1002 (9th Cir. 1991).

3 Movant cannot satisfy the first requirement because he is still subject to a term of
4 supervised release, and thus he is in "custody." *See Jones v. Cunningham*, 371 U.S. 236,
5 242-43 (1963); *United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997). A person in
6 custody may seek relief pursuant to 28 U.S.C. § 2255. Because the more usual remedy of
7 a habeas petition is available, the writ of error coram nobis is not available to Movant.
8 *See United States v. Monreal*, 301 F.3d 1127, 1132 (9th Cir. 2002) (citing *Matus-Leva*,
9 287 at 760).

10 Specifically, as discussed in Section II, Movant was sentenced to thirty months'
11 imprisonment followed by three years' supervised release. (Doc. 30, Ex. 1.) Movant was
12 released from the physical custody of the Bureau of Prison on February 20, 2013.
13 (Doc. 30, Ex. 2.) However, he is still subject to an order of supervised release until at
14 least February 2016. Thus, as Movant has admitted, he is in custody. (Doc. 17 at 2); *see*
15 *Ndiagu*, 591 Fed. App'x at 633.

16 **B.    Coram Nobis Relief is Unavailable**

17 As Respondent argues (Doc. 30 at 3-4) permitting Movant to file an amended
18 petition seeking coram nobis relief would be futile for a second reason. A petitioner may
19 not seek a writ of error coram nobis to circumvent the filing requirements of 28 U.S.C.
20 § 2255. *See Trenkler v. United States*, 536 F.3d 85, 97 (1st Cir. 2008) (stating that "the
21 strictures of section 2255 cannot be sidestepped by the single expedient of resorting to
22 some more exotic writ." A petitioner's failure to meet the ADEPA's gatekeeping
23 requirements does not justify the use of the writ of error coram nobis). As discussed in
24 Section III above, the amended § 2255 motion is time-barred under the applicable
25 limitations period.

26 Movant may not amend his § 2255 motion to seek coram nobis relief when his
27 § 2255 motion is time-barred. *See Matus–Leva*, 287 F.3d at 761. "To hold otherwise
28 would circumvent the AEDPA's overall purpose of expediting the presentation of claims

in federal courts and enable prisoners to bypass the limitations and successive petitions provisions." *Id.*; *see also United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001) ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs."). As discussed in Section III, Movant's amended § 2255 motion is time-barred. Movant cannot avoid the one-year limitations period of § 2255 by changing his vehicle for relief from a § 2255 motion to a petition for writ of error coram nobis. Accordingly, the Court should deny Movant's motion for leave to amend.

**V.    Conclusion**

Because the amended § 2255 motion is untimely, the Court should dismiss this proceeding. Additionally, the Court should deny Movant's motion for leave to amend because amendment would be futile.

Accordingly,

**IT IS RECOMMENDED** that Movant's Amended Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. 8) be **DISMISSED** as untimely.

**IT IS FURTHER RECOMMENDED** that Movant's Motion for Leave to Amend (Doc. 27) be **DENIED.**

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because Movant has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within

1 which to file responses to any objections. Failure to file timely objections to the
2 Magistrate Judge's Report and Recommendation may result in the acceptance of the
3 Report and Recommendation by the District Court without further review. *See United*
4 *States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely
5 objections to any factual determinations of the Magistrate Judge may be considered a
6 waiver of a party's right to appellate review of the findings of fact in an order or
7 judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ.
8 P. 72.
9 Dated this 8th day of October, 2015.

_____
Bridget S. Bade
United States Magistrate Judge